(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>District of New Hampshire | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Moran, Kimberly T.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Moran, William C.** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>**aka Kimberly Thurston**<br>**aka Kimberly Sanborn** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**2232** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if<br>more than one, state all):<br>**6666** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**21 Pleasant View Park**<br>**Haverhill, NH 03765** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**21 Pleasant View Park**<br>**Haverhill, NH 03765** |
| County of Residence or of the<br>Principal Place of Business:    **Grafton** | County of Residence or of the<br>Principal Place of Business:    **Grafton** |
| Mailing Address of Debtor (if different from street address):<br>**PO Box 174**<br>**Haverhill, NH 03765** | Mailing Address of Joint Debtor (if different from street address):<br>**PO Box 174**<br>**Haverhill, NH 03765** |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☑ Individual(s)    ☐ Railroad<br>☐ Corporation    ☐ Stockbroker<br>☐ Partnership    ☐ Commodity Broker<br>☐ Other _____ ☐ Clearing Bank | | ☑ Chapter 7    ☐ Chapter 11    ☐ Chapter 13<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business    ☐ Business | | **Filing Fee** (Check one box)<br>☑ Full Filing Fee Attached |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>   11 U.S.C. § 1121(e) (Optional) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>   Must attach signed application for the court's consideration certifying<br>   that the debtor is unable to pay fee except in installments.<br>   Rule 1006(b).  See Official Form No. 3. |

| **Statistical/Administrative Information**  (Estimates only)<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will<br>   be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03)

FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s)**Kimberly T. Moran, William C. Moran** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed:  **District of Vermont** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:<br>   **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Kimberly T. Moran**

Signature of Debtor

X  **/s/ William C. Moran**

Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**4/20/2005**

Date

### Signature of Attorney

X  **/s/ Michael R. Kainen**

Signature of Attorney for Debtor(s

**Michael R. Kainen,  BNH 04298**

Printed Name of Attorney for Debtor(s) / Bar No.

**Michael R. Kainen**

Firm Name

**P.O. Box 919  White River Jct., VT 05001**

Address

**802 296-2100**

Telephone Number

**4/20/2005**

Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10Kand 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  **/s/ Michael R. Kainen**          **4/20/2005**

Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**

Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**

Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form 7
(12/03)

### UNITED STATES BANKRUPTCY COURT

**District of New Hampshire**

In re: **Kimberly T. Moran**       **William C. Moran**      Case No. _____
**2232**      **6666**      Chapter   **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 35,253.00 | DHMC | 2003 |
| 18,134.00 | Copeland Furniture | 2003 |
| 15,979.00 | Copeland Furniture | 2004 |
| 2,082.00 | Riverdale Insterstate School District | 2004 |
| 25,604.00 | DHMC | 2004 |
| 2,227.00 | Upper Valley Press | 2005 ytd |
| 885.00 | Riverdale Insterstate School District | 2005 ytd |
|  | Copeland Furniture | 2005 ytd |
| 3,613.00 | DHMC | 2005 ytd |
| 2,927.00 | Cottage Hospital Woodsville, NH | 2005 |

## 2.  Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None ☐

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Energy Efficient Properties, LLC**<br>**PO Box 338**<br>**Belmont, NH 03220** | **02/05, 03/05, 04/05** | **1,995.00** | **30,000.00** |
| **Mascoma Savings Bank**<br>**PO Box 435**<br>**Lebanon, NH 03766** | **02/05, 03/05, 04/05** | **1,200.00** | **13,000.00** |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Action Collection Services**<br>**v.**<br>**Kimberly Sanborn**<br>  **03-SC-01215** | **debt collection** | **Keene District Court**<br>**PO Box 364**<br>**Keene, NH  03431** | |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.   Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Wells Fargo Financial**<br>**PO Box 13460**<br>**Philadelphia, PA  19101** | **10/01/2004** | **2004 Ford Focus** |

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Michael R. Kainen**<br>**P.O. Box 919**<br>**White River Jct., VT 05001** | | **535.00** |

## 10. Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Upper Valley Community Credit Union** | | **11/04 - 60.00** |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| | | | |

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14.  Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **New Hampshire Rock Bottom Band** | **Bank Account - $100.00** | **Wells River Savings Bank** |

## 15.  Prior address of debtor

None
☐

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **24 Sanborn Lane Orford, NH** | **Kimberly Sanborn** | **10/2002-05/2003** |
| **10 Prospect St Apt 3 Webster, MA** | **William Moran** | **05/2001-05/2003** |

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None ☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐

a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **New Hampshire Rock Bottom Band** | **20-1580209** | | **Band** | **01/01/2004** |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None ☑

| NAME | ADDRESS |
|---|---|

* * * * * *

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **4/20/2005**

Signature of Debtor  **/s/ Kimberly T. Moran**
**Kimberly T. Moran**

Date  **4/20/2005**

Signature of Joint Debtor  **/s/ William C. Moran**
**William C. Moran**

FORM B6A
(6/90)

In re:  **Kimberly T. Moran**  **William C. Moran**  .  Case No. _____
  **Debtor**  **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **80' x 14' mobile home in Pleasant View Park** | **Fee Owner** | **W** | **$ 29,000.00** | **$ 30,000.00** |
| **Timeshare in Florida** | **Fee Owner** | **W** | **$ 8,000.00** | **$ 8,500.00** |
| | **Total** ➢ | | **$ 37,000.00** | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re **Kimberly T. Moran**                    **William C. Moran**  ,            Case No. _____
                    Debtor                                                                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | **J** | **10.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells River Savings Bank checking account** | **J** | **50.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells River Savings Bank:  34 Main St, PO Box 645, Wells River, VT 05081 savings account** | **J** | **20.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Electrolux vacuum** | **W** | **500.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **microwave, appliances, 2 DVD players, 2 TV's, stereo, living room set, bedroom furniture, dining table and chairs** | **J** | **1,500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **everyday clothing** | **J** | **500.00** |
| 7. Furs and jewelry. | | **rings, necklaces, bracelets, anklets (mostly sterling silver), engagement ring** | **J** | **600.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Guitar Amplifiers (2), Guitars (3)** | **H** | **600.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **softball equipment** | **W** | **100.00** |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| | | | | |

FORM B6B
(10/89)

In re  **Kimberly T. Moran**                    **William C. Moran**           ·       Case No. _____
                _Debtor_                                                                                    _(If known)_

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | | **Peg Van Norden, Twin State Real Estate, RR#1 Box 47C, Orford, NH 03777 (past due security deposit from previous apartment rental** | W | 500.00 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| | | | | |

FORM B6B
(10/89)

In re  **Kimberly T. Moran**                    **William C. Moran**                    Case No. _____
                    Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1978 Honda Motorcycle** | W | **500.00** |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1994 Subaru Legacy Wagon** | H | **4,000.00** |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Hyundai Elantra** | H | **2,000.00** |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Toyota Tacoma** | W | **15,000.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **2 computers** | J | **500.00** |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | **sound equipment** | J | **2,000.00** |

_2_  continuation sheets attached                    Total  ➤          **$ 28,380.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re  **Kimberly T. Moran**          **William C. Moran**          , Case No. _____

Debtor.                                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)    Exemptions provided in 11 U.S.C. § 522(d).    **Note:  These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)    Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1978 Honda Motorcycle | RSA § 511.2(XVI) | 500.00 | 500.00 |
| 1994 Subaru Legacy Wagon | RSA § 511.2(XVI) | 580.00 | 4,000.00 |
| 1997 Hyundai Elantra | RSA § 511.2(XVI) | 0.00 | 2000.00 |
| 1999 Toyota Tacoma | RSA § 511.2(XVI) | 2,000.00 | 15,000.00 |
| 2 computers | RSA § 511:2(III) | 500.00 | 500.00 |
| 80' x 14' mobile home in Pleasant View Park | RSA § 480:1 | 0.00 | 29000.00 |
| cash | RSA § 511:2(XVIII) | 10.00 | 10.00 |
| Electrolux vacuum | RSA § 511:2(III) | 453.86 | 500.00 |
| everyday clothing | RSA § 511:2(XVIII) | 500.00 | 500.00 |
| Guitar Amplifiers (2), Guitars (3) | RSA § 511:2(XVIII) | 600.00 | 600.00 |
| microwave, appliances, 2 DVD players, 2 TV's, stereo, living room set, bedroom furniture, dining table and chairs | RSA § 511:2(III) | 1,500.00 | 1500.00 |
| Peg Van Norden, Twin State Real Estate, RR#1 Box 47C, Orford, NH 03777 (past due security deposit from previous apartment rental | RSA § 511:2(XVIII) | 500.00 | 500.00 |
| rings, necklaces, bracelets, anklets (mostly sterling silver), engagement ring | RSA § 511:2(XVII) | 600.00 | 600.00 |
| softball equipment | RSA § 511:2(XVIII) | 100.00 | 100.00 |
| sound equipment | RSA § 511:2(XVIII) | 2,000.00 | 2,000.00 |
| Timeshare in Florida | RSA § 511:2(XVIII) | 0.00 | 8,000.00 |
| Wells River Savings Bank checking account | RSA § 511:2(XVIII) | 50.00 | 50.00 |

FORM B6C
(6/90)

**In re**    **Kimberly T. Moran**              **William C. Moran**        , **Case No.** _____

                        Debtor.                                                                 **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **Wells River Savings Bank:  34 Main St, PO Box 645, Wells River, VT 05081 savings account** | **RSA § 511:2(XVIII)** | 20.00 | 20.00 |

FORM B6D
(12/03)

In re: **Kimberly T. Moran**          **William C. Moran**          ,          Case No. _____

_____Debtor_____                                                          _____(If known)_____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Energy Efficient Properties, LLC** <br>**PO Box 338** <br>**Belmont, NH  03220** | | W | **1/9/02** <br>**Mortgage** <br>**80' x 14' mobile home in Pleasant View Park** <br><br>_____ <br>**VALUE $29,000.00** | | | | **30,000.00** | **0.00** |
| ACCOUNT NO.   **5678866** <br><br>**Mascoma Savings Bank** <br>**PO Box 435** <br>**Lebanon, NH 03766** | | W | **Security Agreement** <br>**1999 Toyota Tacoma** <br><br>_____ <br>**VALUE $15,000.00** | | | | **13,000.00** | **0.00** |
| ACCOUNT NO.   **48043000000000000021** <br><br>**Primus Financial Services** <br>**PO Box 6508** <br>**Mesa, AZ 85216** <br><br><br>**Schreiber & Associates** <br>**For: Primus Financial** <br>**PO Box 210** <br>**Danvers, MA  01923** | | H | **Security Agreement** <br>**1997 Hyundai Elantra** <br><br>_____ <br>**VALUE $2,000.00** | | | | **4,500.00** | **2,500.00** |
| ACCOUNT NO.   **1214139414** <br><br>**Westgate Resorts** <br>**PO Box 85001** <br>**Orlando, FL 32885** | | W | **Security Agreement** <br>**Timeshare in Florida** <br><br>_____ <br>**VALUE $8,000.00** | | | | **8,500.00** | **500.00** |
| ACCOUNT NO. <br><br>**White Mountain Auto** <br>**466 Lancaster Road** <br>**Whitefield, NH  03598** | | H | **2004** <br>**Security Agreement** <br>**1994 Subaru Legacy Wagon** <br><br>_____ <br>**VALUE $4,000.00** | | | | **3,420.00** | **0.00** |

0 Continuation sheets attached

|  |  |  |
|---|---|---|
| **Subtotal** ➤ <br>(Total of this page) | | **$59,420.00** |
| **Total** ➤ <br>(Use only on last page) | | **$59,420.00** |

(Report total also on Summary of Schedules)

Form B6E
(12/03)

In re  **Kimberly T. Moran**                    **William C. Moran**              , Case No. _____
              Debtor                                                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**        (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

Form B6E - Cont.
(12/03)

In re   **Kimberly T. Moran**                    **William C. Moran**                      ,    Case No.    _____
              Debtor                                                                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ➤
(Total of this page)

**Total** ➤
**(Use only on last page of the completed Schedule E.)**

(Report total also on Summary of Schedules)

| | |
|---|---|
| Subtotal | $0.00 |
| Total | $0.00 |

Form B6F (12/03)

In re __Kimberly T. Moran__ __William C. Moran__ . Case No. _____
                        Debtor                                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Action Collection**<br>**For:  Franklin Pierce**<br>**PO Box 481**<br>**Marlborough, NH  03455** | | W | **1998-2004**<br><br>**student loans** | | | | **646.00** |
| ACCOUNT NO.  **86322291030**<br><br>**AT&T CCO Long Distance**<br>**C/o RMA**<br>**1500 Commerce Drive**<br>**Mendota Heights, MN  55120-1025**<br><br>**NCO Financial Systems, Inc.**<br>**507 Prudential Road**<br>**Horsham, PA  19044** | | W | **long distance** | | | | **46.00** |
| ACCOUNT NO.  **5491130378126502**<br><br>**AT&T Universal Card**<br>**PO Box 44167**<br>**Jacksonville, FL 32231**<br><br>**Alliance One**<br>**For: AT&T Universal Card**<br>**PO Box 1963**<br>**Southgate, MI  48195-0963** | | W | **1998-2003**<br><br>**gas, household items** | | | | **2,300.00** |
| ACCOUNT NO.  **4319041013285467**<br><br>**Bank of America**<br>**PO Box 2493**<br>**Norfolk, VA 23501** | | W | **1998-2003**<br><br>**gas, household items** | | | | **3,800.00** |

__5__  Continuation sheets attached

Subtotal  ➤

Total  ➤

$6,792.00

Form B6F - Cont.
(12/03)

In re  **Kimberly T. Moran**　　　　　　**William C. Moran**　　　　.  Case No. _____

　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **8350150030033205**<br><br>**Charter Communications Collections**<br>**PO Box 570**<br>**Plattsburgh, NY 12901**<br><br><br>**CMI**<br>**For: Charter Communications**<br>**4200 International Parkway**<br>**Carrollton, TX 75007-1906** | | W | **2003**<br><br>**cable television** | | | | **68.00** |
| ACCOUNT NO.  **61-009163**<br><br>**Connecticut Valley Electric**<br>**C/o NCO Financial Systems Inc.**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | W | **2002**<br><br>**electric** | | | | **323.00** |
| ACCOUNT NO.  **50330591-4**<br><br>**DHMC**<br>**One Medical Center Drive**<br>**Lebanon, NH 03756** | | W | **2000**<br><br>**medical** | | | | **158.00** |
| ACCOUNT NO.  **0653300081515275**<br><br>**Direct TV**<br>**C/o Riddle Associates**<br>**PO Box 1187**<br>**Sandy, UT 84091-1187**<br><br>**Allied Creditor Services**<br>**For: Dartmouth Hitchcock**<br>**PO Box 600**<br>**Billerica, MA 01821-0600** | | W | **2002**<br><br>**cable** | | | | **223.00** |

Sheet no. _1_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

**$772.00**

Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re  **Kimberly T. Moran**　　　　　**William C. Moran**　　　.　Case No. _____
　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **8255909300543631**<br><br>**Dish Network**<br>**PO Box 4034**<br>**Woburn, MA  01888-4034** | | W | **2004**<br><br>**satellite** | | | | 352.00 |
| ACCOUNT NO.  **009502232**<br><br>**Granite State Management**<br>**PO Box 2062**<br>**Concord, NH 03302** | | W | **1998-2004**<br><br>**school/student loans** | | | | 12,000.00 |
| ACCOUNT NO.  **6317649**<br><br>**Mary Hitchcock Memorial Hospital**<br>**C/o Allied Creditor Services**<br>**10 Tara Boulevard, Ste 410**<br>**Nashua, NH  03062** | | W | **2000**<br><br>**medical** | | | | 4,114.00 |
| ACCOUNT NO.  **5329055654038832**<br><br>**MBNA America**<br>**PO Box 15026**<br>**Wilmington, DE 19850** | | W | **1998-2003**<br><br>**household items** | | | | 4,100.00 |

Sheet no. _2_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

**$20,566.00**

Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re   **Kimberly T. Moran**                    **William C. Moran**                    .   Case No. _____
                   **Debtor**                                                             **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **1CB19590**<br><br>**MCI Worldcom**<br>**PO Box 650547**<br>**Dallas, TX  75265-0547**<br><br>**NCO Financial Systems**<br>**For: MCI**<br>**PO Box 41417**<br>**Philadelphia, PA  19101**<br><br>**CBCS**<br>**PO Box 69**<br>**Columbus, OH  43216** | | W | **2002**<br>**long distance** | | | | **54.00** |
| ACCOUNT NO.   **16043510396**<br><br>**MHMH**<br>**C/o CBCS**<br>**PO Box 164090**<br>**Columbus, OH  43216-4090** | | W | **2000**<br>**medical** | | | | **712.00** |
| ACCOUNT NO.   **2932712**<br><br>**Nationwide Credit, Inc.**<br>**PO Box 740603**<br>**Atlanta, GA 30374** | | W | **2003**<br>**Pegasus satellite television** | | | | **58.00** |
| ACCOUNT NO.   **2932712**<br><br>**Pegasus Satellite Television**<br>**C/o Nationwide Credit**<br>**3602 N Blackstone Ave/Ste G201**<br>**Fresno, CA  93726-5398** | | W | **1996-1997**<br>**satellite** | | | | **84.00** |

Sheet no. _3_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

Total ➤ **(Use only on last page of the completed Schedule F.)**

| | |
|---|---|
| | **$908.00** |
| | |

Form B6F - Cont.
(12/03)

In re **Kimberly T. Moran**  **William C. Moran** .  Case No.
              Debtor                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **GR2907030696-406**<br><br>**Scholasstic, Inc.**<br>**PO Box 6014**<br>**Jefferson City, MO 65102**<br><br><br>**LTD Financial Services**<br>**For: Scholasstic**<br>**PO Box 630769**<br>**Houston, TX  77263-0769** | | W | children's books | | | | 165.00 |
| ACCOUNT NO. **3753**<br><br>**Stonecliff Animal Clinic**<br>**PO Box 900**<br>**Bradford, VT 05033** | | W | 2002<br>veterinary services | | | | 345.00 |
| ACCOUNT NO. **63756*1**<br><br>**Valcom, Inc.**<br>**c/o Collection Express, Inc.**<br>**PO Box 728**<br>**Barre, VT  05641** | | W | 2003<br>pager services | | | | 99.00 |
| ACCOUNT NO. **63756**<br><br>**Valcom, Inc.**<br>**C/o Collection Express Inc.**<br>**PO Box 728**<br>**Barre, VT  05641** | | W | 2003<br>pager services | | | | 87.00 |

Sheet no. _4_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

Total ➤
**(Use only on last page of the completed Schedule F.)**

| | |
|---|---|
| Subtotal | **$696.00** |
| Total | |

Form B6F - Cont.
(12/03)

In re  **Kimberly T. Moran**                    **William C. Moran**                    .   Case No. _____
            **Debtor**                                                                                                **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **7624910** | | **W** | | | | | **15,000.00** |
| **Wells Fargo Financial**<br>**PO Box 13460**<br>**Philadelphia, PA  19101**<br>**Marlborough, NH  03455**<br><br>**Capital One Auto Finance**<br>**PO Box 255605**<br>**Sacramento, CA  95865** | | | **2004 Ford Focus** | | | | |

Sheet no.  _5_  of  _5_  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)        **$15,000.00**

Total ➤ **(Use only on last page of the completed Schedule F.)**        **$44,734.00**

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: **Kimberly T. Moran**                    **William C. Moran**                    Case No. _____

               **Debtor**                                                                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: __Kimberly T. Moran_____ __William C. Moran_____ , Case No. _____
               **Debtor**                                                                                                   **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6I
(12/03)

In re __Kimberly T. Moran, William C. Moran_____, Case No. _____
                        Debtor                                                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Debtor's Age: **38**  Spouse's Age: **35** | RELATIONSHIP **daughter** | AGE **7** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **unemployed** | |
| Name of Employer | | **Upper Valley Press** |
| How long employed | | **2 months** |
| Address of Employer | | **Haverhill, NH** |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 0.00 | $ 1,218.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 0.00 | $ 1,218.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 76.68 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 76.68 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 1,141.32 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 0.00 | $ 1,141.32 |

TOTAL COMBINED MONTHLY INCOME        $ 1,141.32        (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:        **NONE**

**Form B6J**
**(6/90)**

In re   **Kimberly T. Moran, William C. Moran**                                                  ,    Case No. _____
　　　　Debtor                                                                                                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
　　schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 665.00 |
| Are real estate taxes included?   Yes _____   No ✓ | | |
| Is property insurance included?   Yes _____   No ✓ | | |
| Utilities   Electricity and heating fuel | $ | 160.00 |
| Water and sewer | $ | 20.00 |
| Telephone | $ | 65.00 |
| Other   **propane** | $ | 10.00 |
| Home maintenance (repairs and upkeep) | $ | 30.00 |
| Food | $ | 500.00 |
| Clothing | $ | 15.00 |
| Laundry and dry cleaning | $ | 50.00 |
| Medical and dental expenses | $ | 30.00 |
| Transportation (not including car payments) | $ | 245.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 21.00 |
| Life | $ | 3.50 |
| Health | $ | 0.00 |
| Auto | $ | 130.00 |
| Other _____ | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 658.00 |
| Other _____ | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other _____ | $ | 0.00 |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)　　　　　　$　　　**2,652.50**

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

A. Total projected monthly income　　　　　　　　　　　　　　　　　　　$ _____
B. Total projected monthly expenses　　　　　　　　　　　　　　　　　　$ _____
C. Excess income (A minus B)　　　　　　　　　　　　　　　　　　　　　$ _____
D. Total amount to be paid into plan each _____　　　　　　$ _____
　　　　　　　　　　　　　　　　　　　　　(interval)

Official Form 6 - Cont .
(12/03)

In re: __Kimberly T. Moran__          __William C. Moran__          .          Case No. _____
          **Debtor**                                                                 **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

   I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**19**_____
                                                                          (Total shown on summary page plus 1.)
sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **4/20/2005** _____          Signature: __/s/ Kimberly T. Moran_____
                                                        **Kimberly T. Moran**

Date:  **4/20/2005** _____          Signature: __/s/ William C. Moran_____
                                                        **William C. Moran**

[If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Official Form 8
( 12/03)

## UNITED STATES BANKRUPTCY COURT
### District of New Hampshire

In re:  **Kimberly T. Moran**          **William C. Moran**          Case No. _____

**2232**                          **6666**                    Chapter    **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

    a.   *Property To Be Surrendered.*

Description of Property                          Creditor's Name

    **1.   1997 Hyundai Elantra**                   **Primus Financial Services**
    **2.   Timeshare in Florida**                      **Westgate Resorts**

    b.   *Property To Be Retained.*                *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. 80' x 14' mobile home in Pleasant View Park | Energy Efficient Properties, LLC | | | X | |
| 2. 1999 Toyota Tacoma | Mascoma Savings Bank | | | X | |
| 3. 1994 Subaru Legacy Wagon | White Mountain Auto | | | X | |

Date:   **4/20/2005** _____            **/s/ Kimberly T. Moran** _____
                                                 Signature of Debtor

Date:   **4/20/2005** _____            **/s/ William C. Moran** _____
                                                 Signature of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**District of New Hampshire**

In re:    **Kimberly T. Moran**         **William C. Moran**        Case No.  _____

                                                                          Chapter    **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ 535.00 |
| Prior to the filing of this statement I have received | $ 535.00 |
| Balance Due | $ 0.00 |

2. The source of compensation paid to me was:

    ☑ Debtor           ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☐ Debtor           ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)    [Other provisions as needed]
            **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **2004 examinations, excessive phone calls, motions to determine dischargeability, and objections to discharges are billed at $150.00 per hour.**

---

## CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **4/20/2005**

                                          **/s/ Michael R. Kainen**
                                          **Michael R. Kainen, Bar No.  BNH 04298**

                                          **Michael R. Kainen**
                                          Attorney for Debtor(s)

Form B6
(6/90)

## United States Bankruptcy Court
## District of New Hampshire

In re  **Kimberly T. Moran**          **William C. Moran**          Case No.

Chapter     **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 37.000.00 | | |
| B - Personal Property | YES | 3 | $ 28,380.00 | | |
| C - Property Claimed as Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 59.420.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $ 44,734.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 1,141.32 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 2,652.50 |
| Total Number of sheets in ALL Schedules ➤ | | 19 | | | |
| Total Assets ➤ | | | $ 65,380.00 | | |
| Total Liabilities ➤ | | | | $ 104,154.00 | |

**UNITED STATES BANKRUPTCY COURT**

**District of New Hampshire**

In re:  **Kimberly T. Moran**              **William C. Moran**              Case No. _____

       **2232**                        **6666**                        Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **4** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:    **4/20/2005**                              Signed:    **/s/ Kimberly T. Moran**
                                                      **Kimberly T. Moran**

Signed:    **/s/ Michael R. Kainen**                 Signed:    **/s/ William C. Moran**
           **Michael R. Kainen**                                **William C. Moran**
           Bar No.      **BNH 04298**

Action Collection
For:  Franklin Pierce
PO Box 481
Marlborough, NH  03455


Alliance One
For: AT&T Universal Card
PO Box 1963
Southgate, MI  48195-0963


Allied Creditor Services
For: Dartmouth Hitchcock
PO Box 600
Billerica, MA  01821-0600


AT&T CCO Long Distance
C/o RMA
1500 Commerce Drive
Mendota Heights, MN  55120-1025


AT&T Universal Card
PO Box 44167
Jacksonville, FL 32231


Bank of America
PO Box 2493
Norfolk, VA 23501


Capital One Auto Finance
PO Box 255605
Sacramento, CA  95865


CBCS
PO Box 69
Columbus, OH  43216


Charter Communications Collections
PO Box 570
Plattsburgh, NY 12901

CMI
For: Charter Communications
4200 International Parkway
Carrollton, TX  75007-1906


Connecticut Valley Electric
C/o NCO Financial Systems Inc.
507 Prudential Road
Horsham, PA  19044


DHMC
One Medical Center Drive
Lebanon, NH  03756


Direct TV
C/o Riddle Associates
PO Box 1187
Sandy, UT  84091-1187


Dish Network
PO Box 4034
Woburn, MA  01888-4034


Energy Efficient Properties, LLC
PO Box 338
Belmont, NH  03220


Granite State Management
PO Box 2062
Concord, NH 03302


Keene District Court
PO Box 364
Keene, NH  03431


LTD Financial Services
For: Scholasstic
PO Box 630769
Houston, TX  77263-0769

Mary Hitchcock Memorial Hospital
C/o Allied Creditor Services
10 Tara Boulevard, Ste 410
Nashua, NH  03062


Mascoma Savings Bank
PO Box 435
Lebanon, NH 03766


MBNA America
PO Box 15026
Wilmington, DE 19850


MCI Worldcom
PO Box 650547
Dallas, TX  75265-0547


MHMH
C/o CBCS
PO Box 164090
Columbus, OH  43216-4090


Nationwide Credit, Inc.
PO Box 740603
Atlanta, GA 30374


NCO Financial Systems
For: MCI
PO Box 41417
Philadelphia, PA  19101


NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA  19044


Pegasus Satellite Television
C/o Nationwide Credit
3602 N Blackstone Ave/Ste G201
Fresno, CA  93726-5398

Primus Financial Services
PO Box 6508
Mesa, AZ 85216


Scholasstic, Inc.
PO Box 6014
Jefferson City, MO 65102


Schreiber & Associates
For: Primus Financial
PO Box 210
Danvers, MA  01923


Stonecliff Animal Clinic
PO Box 900
Bradford, VT 05033


Valcom, Inc.
C/o Collection Express Inc.
PO Box 728
Barre, VT  05641


Valcom, Inc.
c/o Collection Express, Inc.
PO Box 728
Barre, VT  05641


Wells Fargo Financial
PO Box 13460
Philadelphia, PA  19101
Marlborough, NH  03455


Westgate Resorts
PO Box 85001
Orlando, FL 32885


White Mountain Auto
466 Lancaster Road
Whitefield, NH  03598

**B 201** (11/03)

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7:  Liquidation  ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.      Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.      Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.      The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.      Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.      Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.      Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.      Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.      Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.      After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11:  Reorganization  ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer  ($200 filing fee plus $39 administrative fee)

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family - owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| **4/20/2005** | **/s/ Kimberly T. Moran** | |
| Date | Signature of Debtor | Case Number |
| **4/20/2005** | **/s/ William C. Moran** | |
| Date | Signature of  Joint Debtor | |

FORM B10 (Official Form 10) (12/03)

| UNITED STATES BANKRUPTCY COURT | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor | Case Number | |

| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | |
|---|---|

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent: | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone number: | | **THIS SPACE IS FOR COURT USE ONLY** |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated: _____ |
|---|---|

**1.  Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, Salaries and compensations (Fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
  (date)                              (date)

**2.  Date debt was incurred:**

**3.   If court judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:**    $ _____

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right to setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral:   $ _____

Amount of arrearage and other charges at time case filed included in secured claim , if any:   $ _____

**6.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority   $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7.   Credits:**    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8.   Supporting Documents:**   *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9.   Date-Stamped Copy:**    To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

| Date<br><br>4/24/2005 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br><br>_____ |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

FORM B10 (Official Form 10) (12/03)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ---- DEFINITIONS ----

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**8. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**UNITED STATES BANKRUPTCY COURT**
**District of New Hampshire**

In re:   **Kimberly T. Moran**                    **William C. Moran**                    Case No. _____

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                    $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                    $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)                    $ _____ **0.00**
    4.  Payroll Taxes                    **0.00**
    5.  Unemployment Taxes                    **0.00**
    6.  Worker's Compensation                    **0.00**
    7.  Other Taxes                    **0.00**
    8.  Inventory Purchases (Including raw  materials)                    **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray                    **0.00**
    10. Rent (Other than debtor's principal residence)                    **0.00**
    11. Utilities                    **0.00**
    12. Office Expenses and Supplies                    **0.00**
    13. Repairs and Maintenance                    **0.00**
    14. Vehicle Expenses                    **0.00**
    15. Travel and Entertainment                    **0.00**
    16. Equipment Rental and Leases                    **0.00**
    17. Legal/Accounting/Other Professional Fees                    **0.00**
    18. Insurance                    **0.00**
    19. Employee Benefits (e.g., pension, medical, etc.)                    **0.00**
    20. Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):
        **None**                    _____

    21. Other (Specify):

        **None**                    _____

    22. Total Monthly Expenses (Add items 3 - 21)                    $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)                    $ _____ **0.00**

Form B1, Exhibit C
(9/01)

# UNITED STATES BANKRUPTCY COURT
## District of New Hampshire

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:  **Kimberly T. Moran**                                    Case No.:

**William C. Moran**                                    Chapter:   **7**

Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

LBF 5005-4A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

Bk. No.

**Kimberly T. Moran**

Chapter    **7**

**William C. Moran**

Debtor(s)

## DECLARATION REGARDING ELECTRONIC FILING

**PART 1 - Declaration of Petitioner:**

We **Kimberly T. Moran** and **William C. Moran** , the undersigned debtor(s), corporate officer or partnership member, hereby declare under penalty of perjury that the information I have given my attorney and the information contained in the electronically filed petition, statements and schedules, or amendments thereof (the "petition and schedules"), consisting of   pages, is true and correct, to the best of my knowledge and belief.  I understand that this DECLARATION REGARDING ELECTRONIC FILING is to be filed with the Clerk after the petition and schedules have been filed electronically but, in no event, no later than 5 business days after the petition and schedules have been filed.  I acknowledge receipt of a copy of the electronically filed petition and schedules.

☑  [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11 of the United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.  I request relief in accordance with the chapter specified in the petition.

☐  [If petitioner is a corporation, partnership or limited liability entity] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.  The debtor requests relief in accordance with the chapter specified in this petition.

**I understand that failure to file the signed original of this DECLARATION is grounds for dismissal of my case pursuant to 11 U.S.C. § 707(a)(3).**

Dated: **4/20/2005**

Signed: **/s/ Kimberly T. Moran**                               **/s/ William C. Moran**
               Debtor                                                           Joint Debtor *(If joint case, both spouses must sign)*

**Part 2 - Declaration of Attorney:**

I declare that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the petition and schedules are not being presented for any improper purpose; that the claims, defenses, and other legal contentions therein are warranted and are not frivolous; that the allegations and other factual contentions have, or will have, evidentiary support; and that the denials of factual contentions are warranted. I further certify that the debtor(s) signed this Declaration and authorized me to electronically file the petition and schedules, that I gave the debtor(s) a copy of the electronically filed petition and schedules, and that the petition and schedules identified in the attached *Notice of Electronic Filing* from the CM/ECF system fully and accurately reflect the information given to me by the debtor(s).  I have complied with all other electronic filing requirements. I have informed the individual petitioner that [he and/or she] may proceed under chapter 7, 11, 12 or 13 of title 11 of the United States Code, and have explained the relief available under each such chapter.  This declaration is based upon all information of which I have knowledge.

Dated: **4/20/2005**                                       **/s/ Michael R. Kainen**
                                                                          Attorney for Debtor(s)

**LBF 5005-4A**

Attach the Notice of Electronic Filing as an Exhibit.

*(FILE ORIGINAL WITH COURT. DO NOT FILE ELECTRONICALLY.)*

LBF 5005-4B

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

Bk. No.

**Kimberly T. Moran**

Chapter        **7**

**William C. Moran**

Debtor(s)

### DECLARATION REGARDING ELECTRONIC FILING

**PART 1 - Declaration of Declarant:**

I _____ ,

We _____ ,

the undersigned declarant(s), hereby declare under penalty of perjury that I have signed the document identified below and that the information contained in the electronically filed document identified below is true and correct, to the best of my knowledge and belief.  I understand that this DECLARATION REGARDING ELECTRONIC FILING is to  be filed with the Clerk after the document identified below has been filed electronically but, in  no event, no later than 5 business days after the document has been filed. I acknowledge receipt of a copy of the electronically filed document.

**PART 2 - Identification of Document:**

_____ dated _____ , consisting of  pages

**I understand and agree that failure to file the signed original of this DECLARATION is grounds for the Court to strike the document identified above from the record in this proceeding.**

Dated:  _____          _____

Name:

Title:

Dated:  _____          _____

Name:

Title:

**(Insert acknowledgment if required)**

**Part 3 - Declaration of Attorney:**

I declare that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the document identified above is not being presented for any improper purpose; that the allegations and other factual contentions have, or will have, evidentiary support; and that the denials of factual contentions are warranted.  I further certify that the declarant signed this Declaration and authorized me to electronically file the document identified above, that I gave the declarant a copy of the electronically filed document identified above, and that the document identified in the attached ***Notice of Electronic Filing*** from the CM/ECF system is the document identified above.

Dated: **4/20/2005** _____          **/s/ Michael R. Kainen** _____
                                                                            **Michael R. Kainen**

Attach the Notice of Electronic Filing as an Exhibit.

LBF 5005-4B

*(FILE ORIGINAL WITH COURT. DO NOT FILE ELECTRONICALLY.)*